IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN BAILEY, an individual, CHRISTIAN UNDERWOOD, an individual, DERIC LORDS, an individual,<br><br>   Plaintiffs,<br><br>vs.<br><br>INLAND PROPERTY DEVELOPMENT, INC., a Nevada corporation, RICHARD L. OETTING, an individual, and LEO SORRENTINO, an individual,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:11-CV-189 TS |

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Inland Property Development, Inc. and Richard L. Oetting. For the reasons discussed below, the Court will deny the Motion without prejudice.

I. BACKGROUND

Plaintiffs filed their Complaint against Defendants on February 18, 2011. An Amended Complaint was filed on March 23, 2011. Plaintiffs' Amended Complaint brings claims for

1

breach of contract, unjust enrichment, negligent misrepresentation, fraud, and violations of federal securities laws. Plaintiffs seek damages of over $900,000 from Defendants.

Defendants Inland Property Development, Inc. and Richard L. Oetting were served in this matter, but failed to timely respond. As a result, default was entered against them on May 26, 2011. Plaintiffs have yet to serve Leo Sorrentino and seek to pursue alternative service. Plaintiffs now seek default judgment against Defendants Inland Property Development, Inc. and Richard L. Oetting.

## II. DISCUSSION

Upon entry of default, the court may enter default judgment against a defendant.[1] But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining defendants. "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."[2] "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."[3] As a result, the rule against imposing default

---

[1] Fed.R.Civ.P. 55.

[2] *Hunt v. Inter-globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quotations omitted); see also *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

[3] *Hunt*, 770 F.2d at 148.

judgment on less than all jointly liable defendants also extends to situations "where several defendants have closely related defenses."[4]

Here, Plaintiffs' claims against all Defendants are closely related. Indeed, the Amended Complaint does not attempt to differentiate which claims are against which Defendant and largely makes claims against "Defendants" as a whole. Therefore, the Court finds that default judgment is inappropriate until the claims against all Defendants have been resolved.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 13) is DENIED WITHOUT PREJUDICE.

DATED   June 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005).